IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL S. OWLFEATHER-GORBEY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:16cv00461 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN, | ) | By: Norman K. Moon |
|     Respondent. | ) | United States District Judge |

Michael S. Owlfeather-Gorbey, a federal inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his security level classification, facility designation, and the conditions of his confinement. Having reviewed his petition, I conclude that Gorbey's claims are not properly raised in a § 2241 petition and, therefore, dismiss the petition without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.[1]

Gorbey alleges that an 18-month Greater Security Management Variable ("GSMV") was "unjustly" applied to his security level classification and resulted in his transfer to the United States Penitentiary in Lee County, Virginia ("USP Lee"). Gorbey states the GSMV was applied to him in retaliation for him filing "complaints and tort claims" against Bureau of Prison ("BOP") staff. Gorbey does not allege that the GSMV affected the length of his sentence in any way. Gorbey alleges that since he arrived at USP Lee, he has suffered "unreasonable hardships by adverse prison conditions," which include denial of medical care, flooded and overflowing toilets, fabricated discipline reports, and living in fear of being attacked by other inmates. As relief, Gorbey seeks removal of the GSMV, redesignation to a Federal Correctional Institution in either Petersburg, Virginia or Cumberland, Maryland, and sanctions imposed against the BOP designation center staff and USP Lee staff.

A habeas petition under § 2241 shall not issue to a federal prisoner unless the court concludes that he is in custody in violation of the Constitution or laws or treaties of the United

---

[1] I also dismiss Gorbey's requests for a hearing, appointment of counsel, and to proceed *in forma pauperis* as moot.

States. § 2241(c)(3). The core of a habeas corpus action is a request to get out of jail immediately, or sooner than currently scheduled. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). "[C]onstitutional claims that merely challenge the conditions of a [federal] prisoner's confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *see also Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); *Moore v. Driver*, No. 1:07cv166, 2008 U.S. Dist. LEXIS 85896, at *7, 2008 WL 4661478, at *3 (N.D. W. Va. Oct. 21, 2008) (a claim regarding custody classification cannot be raised in the context of a § 2241 petition).

In his § 2241 petition, Gorbey does not allege any ground on which he is entitled to a shorter term of confinement. Because the core of his complaint is clearly not concerning the fact or duration of his incarceration, his claim is not properly before me as a habeas claim under § 2241. Therefore, I will dismiss Gorbey's habeas petition without prejudice for failing to state a claim upon which the requested relief can be granted.[2]

**ENTER**: This 31st day of October, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[2] I decline to construe Gorbey's petition as a complaint pursuant to *Bivens* because his allegations are insufficient to state a claim against any defendant. *See West v. Atkins*, 487 U.S. 42 (1988) (to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law); *See, e.g., Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). Further, courts have long held that a prison inmate has no interest of constitutional magnitude in either his security classification or his place of confinement. *Olim v. Wakinekona*, 461 U.S. 238, 345-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). I note, however, that dismissal of this § 2241 petition is without prejudice to Gorbey's opportunity to file a *Bivens* action naming defendants and specifically describing how each defendant violated his federal rights.